# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ALVARADO YERON,<br><br>    Plaintiff,<br><br> v.<br><br>N. HIRSH, et al.,<br><br>    Defendants. | 1:04-cv-06231-LJO-SMS-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 16.)<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

  Plaintiff Ruben Alvarado Yeron ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on August 17, 2004, at the United States District Court for the Northern District of California. The action was subsequently transferred to this court and received on September 10, 2004. The court screened the complaint and issued an order on April 11, 2006, dismissing the complaint for failure to state a claim, granting plaintiff leave to amend. On July 13, 2006, plaintiff filed an amended complaint ("First Amended Complaint").

**A. SCREENING REQUIREMENT**

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
9  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
10 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15 **B. SUMMARY OF FIRST AMENDED COMPLAINT**

16 Plaintiff names six defendants in the First Amended Complaint: Dr. Neil Hirsh, MTA
17 Manuel Ortiz, MTA R. Tapia, C/O T. Eilers, MTA Beagle and C/O B. Wadman.  Plaintiff
18 alleges that defendant Hirsh disregarded plaintiff's concerns for emergency medical treatment for
19 a spinal cord injury.  Plaintiff alleges that MTA Ortiz and MTA Tapia knew about his situation
20 and disregarded his requests for medical assistance.  Plaintiff alleges that on July 22, 2003,
21 defendant C/O Elias became aggressive with plaintiff during an in-cell feeding and forcefully
22 rammed a tray into plaintiff's hand, causing the pinky finger of plaintiff's left hand to break.
23 Plaintiff also alleges that defendant MTA Beagle disregarded his pleas for medical assistance for
24 twenty days.  Finally, plaintiff alleges that movement in his left hand is now limited because the
25 broken bone was not set correctly.  Plaintiff does not mention defendant Wadman in the First
26 Amended Complaint except to name him as a defendant.
27 ///
28 ///

**C.  CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In the First Amended Complaint, plaintiff does not allege any facts whatsoever concerning defendant Wadman.  Nor does plaintiff link any affirmative act or omission to act by defendants Hirsh, Ortiz, Tapia, or Beagle to the deprivation he alleges to have suffered.  In short, plaintiff does not allege any facts giving rise to any cognizable claim for relief under section 1983 against defendants Wadman, Hirsh, Ortiz, Tapia, or Beagle.

*2.    Exhibits*

The First Amended Complaint consists of a three page form complaint and forty seven pages of exhibits.  The exhibits include a copy of plaintiff's original complaint filed at the Northern District, documents written by plaintiff containing additional allegations, exhibits submitted in support of the complaint, and copies of court documents related to the transfer of his case from the Northern District to the Eastern District.  One of the documents is a copy of a letter dated November 10, 2002, from plaintiff to the Clerk's Office at the Northern District,

written partially in Spanish. Plaintiff is informed that he may not submit exhibits in support of his complaint in this manner.

First, plaintiff is informed that the court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, letters written by plaintiff to various persons, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). <u>Evidence improperly submitted to the court will be disregarded or stricken</u>.

Second, with regard to exhibits intended to support a complaint, such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. Pro. 10(c). With regard to exhibits that are properly attached to the complaint, plaintiff is cautioned that it is not the duty of the court to wade through his exhibits to determine whether or not he has claims cognizable under section 1983. Rather, the court looks to the factual allegations contained in plaintiff's complaint to determine whether or not plaintiff has stated a cognizable claim for relief under section 1983. If plaintiff attaches exhibits to his complaint, each exhibit must be specifically referred to. For example, plaintiff must state "see Exhibit A" or something similar in order to alert the court to exactly which exhibit plaintiff refers to. Plaintiff may not merely point the court to attached exhibits and expect that the court will read through all of the exhibits and determine which exhibit plaintiff it appears that plaintiff refers to. Further, if the exhibit consists of more than one page, plaintiff must refer to the specific portion of the exhibit.

Third, the court deems it necessary to caution plaintiff regarding the attachment of exhibits to his complaint. Although the Federal Rules of Civil Procedure allow parties to attach exhibits to their pleadings, it is the experience of this court that when prisoners proceeding without the assistance of counsel submit exhibits in support of their complaints, the exhibits serve only to confuse the record and make it much more difficult for the court to determine whether or not the prisoner has any cognizable claims for relief. As previously stated, the court looks to the factual allegations to determine whether or not the plaintiff has stated a claim for relief. The court must assume that the plaintiff's factual allegations are true. Therefore, it is unnecessary, generally, for the plaintiff to submit evidence in support of his allegations.

Finally, regarding plaintiff's letter written partially in Spanish, the court does not accept filing in any language other than English. The court is unable to read or comprehend the nature of these documents, and there are no appropriated funds available to translate documents petitioner files with the court which are written in a language other than English.

In the instant action, plaintiff's best interests are served by submitting a complaint that is clear, concise and complete. A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley, 355 U.S. at 45-46. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

In summary, plaintiff is informed that he may not submit exhibits in support of his complaint in this manner. For these reasons, plaintiff's forty seven pages of exhibits attached to the First Amended Complaint shall be disregarded.

### 3. Eighth Amendment Medical Claim

"The Eighth Amendment's proscription against cruel and unusual treatment is violated when officials remain deliberately indifferent to the serious medical needs of convicted prisoners." Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996) (*citing* Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.

The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than

1  mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer,
2  511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the
3  official "knows of and disregards an excessive risk to inmate health or safety."  Id.
4        In applying this standard, the Ninth Circuit has held that before it can be said that a
5  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
6  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
7  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*
8  Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or
9  treating a medical condition does not state a valid claim of medical mistreatment under the
10 Eighth Amendment.  Medical malpractice does not become a constitutional violation merely
11 because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,
12 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992),
13 *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)
14 (*en banc*).  Even gross negligence is insufficient to establish deliberate indifference to serious
15 medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).
16       In addition, "mere delay of [medical treatment], without more, is insufficient to state a
17 claim of deliberate medical indifference."  Shapley v. Nevada Bd. of State of Prison Comm'rs,
18 766 F.2d 404, 407 (9th Cir.1985).  To prevail, plaintiff "must show that the course of treatment
19 the doctors chose was medically unacceptable under the circumstances and ... that they chose this
20 course in conscious disregard of an excessive risk to plaintiff's health." Id.
21       Finally, a "difference of medical opinion ... [is] insufficient, as a matter of law, to
22 establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996);
23 Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).
24       In the First Amended Complaint, plaintiff fails to clarify his claims against defendants
25 Hirsh, Ortiz, Tapia and Beagle.  As in his original complaint, plaintiff makes allegations with
26 minimal facts.  Plaintiff states that he was denied proper medical treatment by defendant Hirsh,
27 Ortiz, Tapia and Beagle, but he does not provide sufficient facts to give rise to an Eighth
28 Amendment claim for relief.  For example, plaintiff states that defendant Hirsh blatantly

disregarded his concerns for medical "emergency" treatment for a spinal cord injury, but he does not explain the nature of the risk to plaintiff's health or safety, whether the defendant knew about his need for treatment, or what date this event occurred. Plaintiff makes similar allegations in the First Amended Complaint against defendants Tapia, Ortiz and Beagle without elaborating on the facts.

### 4. Eighth Amendment Excessive Force Claim

The use of excessive force by a prison official violates the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1 (1992). Determining whether there has been an Eighth Amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078  (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Hudson 503 U.S. at 4-5, 7.  Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley, 475 U.S. at 319, 106 S.Ct. at 1078.  An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

Plaintiff alleges that on July 22, 2003, defendant Eilers became aggressive with plaintiff during an in-cell feeding through the food port and forcefully rammed a tray into plaintiff's hand, causing the pinky finger of plaintiff's left hand to break. Although plaintiff alleges facts showing that defendant Eilers purposely used force against him, causing serious injury, plaintiff fails to allege any facts explaining the circumstances present when defendant rammed a tray into his hand, whether defendant was attempting to restore discipline or whether he acted maliciously and sadistically for the purpose of causing harm. Plaintiff does not provide sufficient facts to give rise to a claim for relief against defendant Eilers for excessive force under the Eighth Amendment.

///

## D. CONCLUSION

The court finds that plaintiff's First Amended Complaint does not contain any claims upon which relief can be granted under § 1983 against any of the defendants. In the interest of justice, plaintiff shall be granted another opportunity to amend his complaint to cure the deficiencies identified above.

In the Second Amended Complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Second Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Second Amended Complaint should be clearly and boldly titled "SECOND AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

## E. ORDER

The court HEREBY ORDERS:

1. The Clerk is DIRECTED to send plaintiff a blank civil rights complaint form;
2. The First Amended Complaint is DISMISSED with leave to amend;
3. Within thirty (30) days from the date of service of this order, plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the court in this order; and

///

4.  Plaintiff is forewarned that his failure to comply with this order may result in a recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    November 27, 2007**              **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE